UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAWANA J. WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEDSTAR HEALTH INC., )<br>)<br>Defendant. ) | Civil Action No. 1:25-cv-03242 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP application, and for the reasons explained below, it dismisses this case without prejudice.

Plaintiff, a resident of the District, sues Defendant MedStar Health, Inc., and its chief counsel. *See* Compl. at 1–4. She brings this action on behalf of her business, *see id.* at 3, which she may not do, because "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel[,]" and Plaintiff is not licensed counsel, *see* 28 U.S.C. § 1654; *see also Greater Southeast Cmty. Hosp. Found., Inc. v. Potter*, 586 F.3d 1, 4 (D.C. Cir. 2009) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993)). Moreover, a non-individual cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland*, 506 U.S. at 201–07 (1993); *see Franklin v. Vilsack*, No. 11–0206 (D.D.C. Apr. 15, 2011) (denying IFP status to plaintiff in his capacity as an officer of a corporation which, as an artificial entity, cannot proceed IFP).

The allegations themselves fare no better. Plaintiff's Complaint includes nearly 200 pages

of unexplained exhibits, contravening D.C. Local Civil Rule 5.1(e), (g).  Plaintiff appears to take issue with MedStar's alleged failure to recognize an agreement for physician services, purportedly executed between MedStar and her company, Well-Konnect, LLC, and MedStar's alleged refusal to reimburse her for primary care services rendered by Well-Konnect.  *See* Compl. at 3, 9–10, 15, 38–39, 45–47.  Plaintiff asserts that MedStar's alleged actions violate countless federal civil and criminal statutes, and provisions of the D.C. Code, *see id*. at 7–8, 10–17, 19–21, 25–26, 29, but she fails to flesh out any of the supporting facts or details to meet the elements to support any of these intended claims, where a private cause of action is even available.  She also accuses a Medstar facility employee of assaulting her, *see id.* at 7, 10, 24, 27–28, and MedStar of "gang stalking," *see id*. at 10, 24, 26, 28, "voyeurism*," id.* at 21, "affiliat[ing] with extremist networks," *see id*. at 11, "harassment and intimidation," *id.* at 26, "unauthorized surveillance and biometric tracking," *id.* at 13, and other "cyber crimes," *see id.* at 10–11, 24, 27–28.  She demands upwards of $500 million in damages and assorted equitable relief.  *See id.* at 13–16, 17–18.

The Court finds that Plaintiff's Complaint fails to comply with Federal Rule 8(a), which requires such pleadings to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  Plaintiff's Complaint is not short or plain.  Neither the Court nor Defendants can reasonably be expected to identify Plaintiff's intended claims. When, as here, allegations are presented in a "disorganized and convoluted" manner, dismissal is often appropriate for that reason alone*.  See Spence v. U.S. Dep't of Vet. Affairs*, No. 19-cv-1947, 2022 WL 3354726, at *12 (D.D.C. Aug. 12, 2022), *aff'd*, 109 F.4th 531 (D.C. Cir. 2024), *cert. denied*, 145 S. Ct. 594 (2024).  In other words, a complaint that "contains an untidy assortment of claims

that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments[,]" does not fulfill the requirements of Rule 8. *Jiggetts v. Dist. of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. Dist. of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

Nor has Plaintiff established this Court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Federal jurisdiction is available only when a "federal question" is presented, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332.

First, plaintiff has broadly cited to federal laws, but has failed to state a cognizable federal question, and the Court does not independently discern any basis for federal question jurisdiction from any of the allegations presented. *See Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (per curiam) ("[F]ederal court jurisdiction must affirmatively appear clearly and distinctly.") (cleaned up).

Second, Plaintiff has failed to establish diversity of citizenship. *See* 28 U.S.C. § 1332. Both Plaintiff and Defendant MedStar are located in the District, thus defeating complete diversity. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978))).

For all of these reasons, the case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: December 11, 2025

/s/_____
ANA C. REYES
United States District Judge